1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN LAMPSHIRE, | No.  2:24-CV-3183-DC-DMC |
| Plaintiff, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pending before the Court are the parties' briefs on the merits, ECF Nos. 13, 15, and 17.

The Court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See <u>Saelee v. Chater</u>, 94 F.3d 520, 521 (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See <u>Howard v. Heckler</u>, 782 F.2d 1484, 1487 (9th Cir. 1986); <u>Jones</u>

1

1    <u>v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985).  The Court may not affirm the Commissioner's

2    decision simply by isolating a specific quantum of supporting evidence.  <u>See</u> <u>Hammock v.</u>

3    <u>Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative

4    findings, or if there is conflicting evidence supporting a particular finding, the finding of the

5    Commissioner is conclusive.  <u>See</u> <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

6    Therefore, where the evidence is susceptible to more than one rational interpretation, one of

7    which supports the Commissioner's decision, the decision must be affirmed, <u>see</u> <u>Thomas v.</u>

8    <u>Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal

9    standard was applied in weighing the evidence, <u>see</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th

10    Cir. 1988).

11          For the reasons discussed below, the Court recommends the Commissioner's final

12    decision be affirmed.

13

14          **I.  THE DISABILITY EVALUATION PROCESS**

15          To achieve uniformity of decisions, the Commissioner employs a five-step

16    sequential evaluation process to determine whether a claimant is disabled.  <u>See</u> 20 C.F.R.

17    §§ 404.1520 (a)-(f) and 416.920(a)-(f).   The sequential evaluation proceeds as follows:

18
19         Step 1        Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied.

20
21         Step 2        If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied.
22

23         Step 3        If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted.
24

25
26         Step 4        If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied.
27

28

1

2

3

      Step 5      If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied.

4

    See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

5

6            To qualify for benefits, the claimant must establish the inability to engage in

7  substantial gainful activity due to a medically determinable physical or mental impairment which

8  has lasted, or can be expected to last, a continuous period of not less than 12 months.  See 42

9  U.S.C. § 1382c(a)(3)(A).  The claimant must provide evidence of a physical or mental

10  impairment of such severity the claimant is unable to engage in previous work and cannot,

11  considering the claimant's age, education, and work experience, engage in any other kind of

12  substantial gainful work which exists in the national economy.  See Quang Van Han v. Bower,

13  882 F.2d 1453, 1456 (9th Cir. 1989).  The claimant has the initial burden of proving the existence

14  of a disability.  See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

15            The claimant establishes a prima facie case by showing that a physical or mental

16  impairment prevents the claimant from engaging in previous work.  See Gallant v. Heckler, 753

17  F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f).  If the claimant

18  establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant

19  can perform other work existing in the national economy.  See Burkhart v. Bowen, 856 F.2d

20  1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock

21  v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

## II.  THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on December 5, 2022.  See CAR 17.[1] In the application, plaintiff claims disability began on December 5, 2015.  See id.  Plaintiff's claim was initially denied.  See id.  Following denial of reconsideration, Plaintiff requested an administrative hearing, which was held on May 30, 2024, before Administrative Law Judge (ALJ) Christopher Knowdell.  See id.  In a July 26, 2024, decision, the ALJ concluded Plaintiff is not disabled based on the following relevant findings:

1. Through the date last insured, March 31, 2018, the claimant had the following severe impairment(s): diabetes mellitus, diabetes mellitus neuropathy, obesity, varicose veins, sleep apnea, and depressive disorder.

2. Through the date last insured, the claimant did not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations.

3. Through the date last insured, the claimant had the following residual functional capacity:  the claimant can perform light work except the claimant can stand and/or walk for only four hours and sit for only six hours out of an eight-hour workday; the claimant can occasionally perform postural activity except he will be unable to cling ladders, ropes, or scaffolds; the claimant will need to avoid concentrated exposure to fumes, odors, dust, gases, and similar pulmonary irritants; the claimant will need to avoid concentrated exposure to hazards such as working at unprotected heights, operating heavy machinery, or driving motor vehicles; the claimant can perform simple tasks.

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, through the date last insured there were jobs that existed in significant numbers in the national economy that the claimant could have performed.

See id. at 19-32.

After the Appeals Council declined review on September 30, 2024, this appeal followed.

/ / /

/ / /

/ / /

---

[1]    Citations are the to the Certified Administrative Record (CAR) lodged on February 28, 2025, ECF No. 10.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.  DISCUSSION

In his opening brief, Plaintiff argues that the "reasoning and findings upon which the ALJ based his ultimate conclusion are internally inconsistent with one another."  ECF No. 13, pg. 8.  Plaintiff takes issue with the ALJ's evaluation of the medical opinions.  According to Plaintiff:

> Consider, the ALJ claims to have found the 2016 opinion of Dr. Allen "persuasive" due to its consistency with the "objective record" and the fact that Dr. Allen "supported" his conclusions with examination findings. T 30. Yet, the ALJ appears to have misunderstood the opinion altogether, as he contends that Dr. Allen opined that Plaintiff "could perform light work." T 30. On the contrary, Dr. Allen specified that the limitations he assessed were intended to limit Plaintiff to a maximum of *sedentary* work. T 112. Due to the ALJ's apparent misunderstanding of the opinion upon which he claims to have relied in assessing Plaintiff's RFC, the decision is internally inconsistent – on the one hand finding an opinion limiting Plaintiff to sedentary work "supported" and "consistent" with the record, but on the other hand concluding that Plaintiff remains capable of the physically demanding work at the light exertional level. T 23-24.
>
> Indeed, the very definition of light work is irreconcilable with a finding that Plaintiff can only stand/walk for up to four hours out of the workday. The regulation the ALJ cited for that definition states the following:
>
>> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, **a job is in this category when it requires a good deal of walking or standing**, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, **you must have the ability to do substantially all of these activities**.
>
> 20 C.F.R. § 404.1567(b) (emphasis added). Social Security Rulings likewise reiterate that "the primary difference" between sedentary and light work is that the latter "requires a good deal of walking or standing." SSR 83-10. As explained therein, light work "requires being on one's feet up to two-thirds of a workday," which amounts to "approximately 6 hours of an 8-hour workday." SSR 83-10. Thus, it is not surprising that after finding Plaintiff's capacity for standing and walking diminished below this threshold, Dr. Allen opined that Plaintiff is limited to *sedentary* work. The ALJ erred by failing to provide any valid rationale for diverging from this conclusion with which he expressed no disagreement while declaring the opinion persuasive.
>
> Like Dr. Allen, Plaintiff's own physician, Dr. Addagatta, opined that Plaintiff is limited to sitting and standing/walking at frequencies consistent with the definition of sedentary work. T 4361-63. However, the ALJ rejected this opinion as not persuasive. T 30. In declaring the opinion "not supported," the ALJ asserted that it could provide no insight into

Plaintiff's functioning between December of 2015 and March of 2018 "because the opinion was made five years after" that end date. T 30. Yet, Courts throughout the Ninth Circuit have made clear that an opinion is not rendered unpersuasive simply by its date. *David P. v. Saul*, No. 19-cv-01506-BEN-AHG, 2020 WL 4593311, at *1 (S.D. Cal. Aug. 11, 2020) (adopting report and recommendation that held a two-year-old medical opinion was not stale), vacated and remanded on other grounds sub nom., *Politte v. Kijakazi*, No. 21-55341, 2021 WL 5860767 (9th Cir. Aug. 10, 2021); *Brand, v. Kijakazi*, 575 F. Supp. 3d 1265, 1269 (D. Nev. 2021); *see also Digiacomo v. Saul*, No. 19-cv-00494-BAM, 2020 WL 6318207, at *8 (E.D. Cal. Oct. 28, 2020). Regardless, the ALJ's criticism is inconsistent with his evaluation of the remaining state agency consultants' opinion[s] which were formed and authored even *later* in time. *See* T 29-30. Indeed, in finding opinions made on April 17, 2023, and December 6, 2023 "persuasive," the ALJ evidently did not consider the timing of the opinions to be at all relevant to the supportability or consistency analysis. T 29-30. In fact, the ALJ conveniently declined to mention the date of either opinion at all.

As such, it remains unclear from the ALJ's decision why one opinion from 2023 would be undermined by its timing but the timing of two other opinions (from even later that year) would have no bearing on their persuasiveness. As this Court has stated, "[w]hatever factors the Commissioner considers in evaluating a medical opinion, he must explain his reasoning to allow for meaningful judicial review." *Romero v. Kijakazi*, No. 2:21-CV-0213 DB, 2022 WL 1093556, at *4 (E.D. Cal. Apr. 12, 2022) (quoting *Kathleen G. v. Commissioner of Social Security*, Case No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) and citing *KRAMER, v. KIJAKAZI.*, Case No. 20cv2065 GPC (AHG), 2022 WL 873630, at *4 (S.D. Cal. Mar. 24, 2022)). The ALJ's failure to explain his inconsistent treatment of these opinions precludes meaningful review of the validity of his reasoning and necessitates remand.

ECF No. 13, pgs. 10-12.

"The ALJ must consider all medical opinion evidence." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing 20 C.F.R. § 404.1527(b)). The ALJ errs by not explicitly rejecting a medical opinion. See Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014). The ALJ also errs by failing to set forth sufficient reasons for crediting one medical opinion over another. See id.

Under the regulations, only "licensed physicians and certain qualified specialists" are considered acceptable medical sources. 20 C.F.R. § 404.1513(a); see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). Where the acceptable medical source opinion is based on an examination, the ". . . physician's opinion alone constitutes substantial evidence, because it rests on his own independent examination of the claimant." Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The opinions of non-examining professionals may also constitute

6

1    substantial evidence when the opinions are consistent with independent clinical findings or other

2    evidence in the record.  See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Social

3    workers are not considered an acceptable medical source.  See Turner v. Comm'r of Soc. Sec.

4    Admin., 613 F.3d 1217, 1223-24 (9th Cir. 2010).  Nurse practitioners and physician assistants

5    also are not acceptable medical sources.  See Dale v. Colvin, 823 F.3d 941, 943 (9th Cir. 2016).

6    Opinions from "other sources" such as nurse practitioners, physician assistants, and social

7    workers may be discounted provided the ALJ provides reasons germane to each source for doing

8    so.  See Popa v. Berryhill, 872 F.3d 901, 906 (9th Cir. 2017), but see Revels v. Berryhill, 874

9    F.3d 648, 655 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(f)(1) and describing circumstance

10    when opinions from "other sources" may be considered acceptable medical opinions).

11         The Commissioner has promulgated revised regulations concerning how ALJs

12    must evaluate medical opinions for claims filed, as here, on or after March 27, 2017.  See 20

13    C.F.R. §§ 404.1520c, 416.920c.  These regulations supersede prior caselaw establishing the

14    treating physician rule which established a hierarchy of weight to be given medical opinions

15    depending on their source.  See id.; see also Jones v. Saul, 2021 WL 620475, at *9 (E.D. Cal.

16    Feb. 17, 2021) ("In sum, because (1) the 2017 regulations are not arbitrary and capricious or

17    manifestly contrary to statute, (2) the prior judicial construction was not mandated by the

18    governing statutory language to the exclusion of a differing agency interpretation, and (3) the

19    [treating-physician rule] is inconsistent with the new regulation, the court concludes that the 2017

20    regulations effectively displace or override [prior caselaw.]").  Thus, ALJs are no longer required

21    to "defer to or give any specific evidentiary weight to" treating physicians over medical opinions

22    from other sources.  See Carr v. Comm'r of Soc. Sec., 2021 WL 1721692, at *7 (E.D. Cal. Apr.

23    30, 2021).

24         Under the revised regulations, the ALJ must evaluate opinions and prior

25    administrative medical findings by considering their "persuasiveness."  See Buethe v. Comm'r of

26    Soc. Sec., 2021 WL 1966202, at *3 (E.D. Cal, May 17, 2021) (citing 20 C.F.R. § 404.1520c(a)).

27    In determining how persuasive the opinion of a medical source is, an ALJ must consider the

28    following factors:  supportability, consistency, treatment relationship, specialization, and "other

1    factors." See Buethe, 2021 WL 1966202, at *3 (citing § 404.1520c(b), (c)(1)-(5)).  Despite a

2    requirement to consider all factors, the ALJ's duty to articulate a rationale for each factor varies.

3    See Buethe, 2021 WL 1966202, at *3 (citing § 404.1520c(a)-(b)).

4             Specifically, in all cases the ALJ must at least "explain how [she] considered the

5    supportability and consistency factors," as they are "the most important factors." See Buethe,

6    2021 WL 1966202, at *4 (citing § 404.1520c(b)(2)).  For supportability, the regulations state:

7    "[t]he more relevant the objective medical evidence and supporting explanations presented by a

8    medical source are to support his or her medical opinion(s) or prior administrative medical

9    finding(s), the more persuasive [the opinion] will be." See Buethe, 2021 WL 1966202, at *4

10   (quoting § 404.1520c(c)(1)).  "For consistency, the regulations state: '[t]he more consistent a

11   medical opinion(s) or prior administrative medical finding(s) is with the evidence from other

12   medical sources and nonmedical sources in the claim, the more persuasive [the opinion] will be.'"

13   Buethe, 2021 WL 1966202, at *4 (quoting § 404.1520c(c)(2)).  "The ALJ is required to articulate

14   findings on the remaining factors (relationship with claimant, specialization, and 'other') only

15   when 'two or more medical opinions or prior administrative medical findings about the same

16   issue' are 'not exactly the same,' and both are 'equally well-supported [and] consistent with the

17   record.'" Buethe, 2021 WL 1966202, at *4 (quoting § 404.1520c(b)(2) & (3)).

18            In determining Plaintiff's residual functional capacity, the ALJ first considered

19   Plaintiff's subjective statements and testimony, finding them "not entirely consistent" with the

20   objective evidence.  See CAR 25-29.  Plaintiff does not challenge this finding or the summary of

21   the objective evidence upon which it is based.  Next, the ALJ considered the medical opinion

22   evidence of record.  See id. at 28-31.  Specifically, the ALJ discussed opinions from the following

23   sources: (1) Stephen Saxby, Ph.D.; (2) Nadine Genece, Psy.D.; (3) Judith Meyers, Psy.D.; (4)

24   Joseph Duckwall, M.D.; (5) J. Allen, M.D.; and (6) Jane Addagatta, M.D.  See id.  Plaintiff takes

25   issue with the ALJ's analysis of the opinions of Drs. Allen and Addagatta.  See ECF No. 13, pgs.

26   10-12.

27   / / /

28   / / /

                                        8

**A.      Dr. Allen**

As to Dr. Allen, the ALJ stated as follows:

Joseph Duckwall, M.D., and J. Allen, M.D., treating medical service providers, wrote a medical source statements in which Drs. Duckwall and Allen opined that the claimant can, among other things, that the claimant could perform light work with occasional postural maneuvers except frequent squatting and unlimited balancing (Exs. 1A; 4A). I find that the opinions of Drs. Duckwall and Allen are consistent with the objective record. For example, although the claimant experienced diabetes mellitus and diabetic neuropathy, these were controlled and did not prevent the claimant from engaging in activities of daily living (Ex. 5F/68, 7F/6, 39, 65, 8F/44, 81, 86, 89, 91, 97, 123, 9F/625, 699, 703, 738, 866). Indeed, the claimant was able to travel out of state to attend a birthday party, go to the gyms and swim, and to play pinball (Ex. 8F/235, 9F/1197, 1242). Drs. Duckwall and Allen supported the statements and findings with a review of the evidence available to that time as well as a narrative explaining the prior administrative medical findings and providing references to the objective record (Ex. 1F-13F). Overall, I find the prior administrative medical findings of Drs. Duckwall and Allen are persuasive although I have added additional limitations set forth in the residual functional capacity, above.

In 2016, J. Allen, M.D., wrote a medical source statement in which Dr. Allen opined among other things, that the claimant could perform light work except stand and/or walk for a total of four hours, occasionally climb ramps and stairs and balance, never climb ladders, ropes, and scaffolds, and avoid concentrated exposure to pulmonary irritants and hazards (Ex. 5A). I find that the statements and opinion of Dr. Allen are consistent with the objective record. For example, for example, although the claimant experienced diabetes mellitus and diabetic neuropathy which prevented him from walking more than 10 minutes, these were controlled and did not prevent the claimant from ambulating with normal gait (Ex. 5F/68, 7F/6, 39, 65, 8F/44, 81, 86, 89, 91, 97, 123, 9F/625, 699, 703, 738, 866). Indeed, the claimant was able to travel out of state to attend a birthday party, go to the gyms and swim, and to play pinball (Ex. 8F/235, 9F/1197, 1242). Additionally, such statements are supported by the findings and conclusions of Dr. Allen following an in-person examination (Ex. 1F-7F). Accordingly, I find the statements and opinions of Dr. Allen are persuasive.

CAR 29-30.

Plaintiff argues that the ALJ's assessment of Dr. Allen's opinions is inconsistent with the ultimate residual functional capacity determination. See ECF No. 13, pgs. 10-12. Specifically, Plaintiff notes that, while the ALJ accepted Dr. Allen's opinions, the doctor's opinions limit Plaintiff to sedentary work, which is at odds with the ALJ's conclusion that Plaintiff maintained the ability through the date last insured to perform a limited range of light work. See id. More specifically, Plaintiff asserts that the ALJ's findings as to Plaintiff's ability

9

1   to walk/stand up to four hours a day does not meet the definition of "light work," which involves

2   walking and/or standing for six hours a day.  See id. (citing 20 C.F.R. § 404.1567(b) and Social

3   Security Ruling 83-10).

4           In response, Defendant argues:

5

> . . . [C]ontrary to Plaintiff's assertion, there was no discrepancy in
> the ALJ's finding. An occupation is classified as light if it (1) "requires a
> good deal of walking or standing," or (2) "*when it involves sitting most of*
> *the time* with some pushing and pulling of arm or leg controls." 20 C.F.R.
> § 404.1567(b) (emphasis added). Here, Dr. Allen found Plaintiff could lift
> and/or carry 20 pounds occasionally and 10 pounds frequently; stand
> and/or walk for a total of four hours and sit more than six hours in an
> eight-hour workday; occasionally climb ramps and stairs, balance; never
> climb ladders, ropes, or scaffolds; and had to avoid concentrated exposure
> to fumes, odors, dusts, gases, and poor ventilation. AR 107-09. Consistent
> with Dr. Allen's findings, the ALJ determined that Plaintiff had the
> residual functional capacity to perform light work as defined in 20 C.F.R.
> § 404.1567(b). . . .  "The ALJ is responsible for determining credibility,
> resolving conflicts in medical testimony, and resolving ambiguities."
> *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). This
> responsibility includes "translating and incorporating clinical findings into
> a succinct" residual functional capacity. *Rounds v. Comm'r Soc. Sec.*
> *Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Significantly, an ALJ's
> finding "need only be consistent with a doctor's assessed limitations, not
> identical to them." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223
> (9th Cir. 2010). . . .

16   ECF No. 15, pg. 5.

17           The Social Security Act describes "sedentary work" as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and
> occasionally lifting or carrying articles like docket files, ledgers, and small
> tools. Although a sedentary job is defined as one which involves sitting, a
> certain amount of walking and standing is often necessary in carrying out
> job duties. Jobs are sedentary if walking and standing are required
> occasionally and other sedentary criteria are met.

           20 C.F.R. § 404.1567(a).

23   "Light work" is defined as follows:

> Light work involves lifting no more than 20 pounds at a time with
> frequent lifting or carrying of objects weighing up to 10 pounds. Even
> though the weight lifted may be very little, a job is in this category when it
> requires a good deal of walking or standing, or when it involves sitting
> most of the time with some pushing and pulling of arm or leg controls. To
> be considered capable of performing a full or wide range of light work,
> you must have the ability to do substantially all of these activities. If
> someone can do light work, we determine that he or she can also do

sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

Social Security Ruling (SSR) 83-10 provides further guidance. As to "sedentary work," the ruling states that such work is generally performed sitting with only occasional (not more than two hours in an eight-hour workday) standing and/or walking. See SSR 83-10. "Light work" is defined as generally involving a "good deal of walking or standing." Id. "Light work" also includes jobs which involve ". . .sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work. . . ." id.

Here, the record contains two reports from Dr. Allen – Exhibit 4A (CAR 89-99) and Exhibit 5A (CAR 100-112). In Exhibit 4A, dated December 6, 2023, Dr. Allen opined, based on a review of records, that Plaintiff had an unlimited ability through the date last insured to push and/or pull with both the upper and lower extremities. See CAR 96. Dr. Allen also opined that Plaintiff had the ability through the date last insured to sit for six hours in an eight-hour workday. See id. In Exhibit 5A, dated March 9, 2016, Dr. Allen expressed the same opinions. See CAR 107. Based on his findings, Dr. Allen indicated that Plaintiff was capable of sedentary work. See id. at 111.

Notwithstanding Dr. Allen's use of the word "sedentary" in one of two reports, Dr. Allen's findings in both reports are entirely consistent with the definition of light work involving mostly sitting with no limitations on arm-hand and/or leg-foot manipulative activities. See 20 C.F.R. § 404.1567(b); see also SSR 83-10. Specifically, the Court notes that Dr. Allen found Plaintiff to be unlimited as to use of his upper and lower extremities. The Court, therefore, does not find Plaintiff's argument is persuasive. While the ALJ's assessment is not identical to Dr. Allen's, it is consistent with the doctor's findings regarding Plaintiff's ability to sit for most of the day and engage in unrestricted manipulative activities with his upper and lower extremities. See Turner, 613 F.3d at 1223.

/ / /

/ / /

11

**B.**    **Dr. Addagatta**

The ALJ stated as follows with respect to opinions offered by Dr. Addagatta:

> Jane Addagatta, MD, wrote a medical source statement in which Dr.
> Addagatta opined among other things that the claimant could stand/walk
> up to two hours and sit for six hours; needed to alternate positions at will;
> lift and carry up to 20 pounds occasionally and less than 10 pounds
> frequently; rarely climb stairs and occasionally twist, stoop, and
> crouch/squat; could handle 10 percent, never finger, and reach 20 percent
> of the workday bilaterally; was capable of moderate stress; and would
> miss more than four days per month (Ex. 13F). I find that the statements
> and opinion of Dr. Addagatta are not consistent with the objective record.
> For example, although the claimant experienced diabetes mellitus and
> diabetic neuropathy, these were controlled and did not prevent the
> claimant from engaging in activities of daily living (Ex. 5F/68, 7F/6, 39,
> 65, 8F/44, 81, 86, 89, 91, 97, 123, 9F/625, 699, 703, 738, 866). Indeed, the
> claimant was able to travel out of state to attend a birthday party, go to the
> gyms and swim, and to play pinball (Ex. 8F/235, 9F/1197, 1242). The
> opinion of Dr. Addagatta is not supported by the record because the
> opinion was made five years after the date last insured and the time period
> considered by this decision. As such, while the opinion gives us insight
> into the claimant's functioning in 2023, it does not provide any insight
> into the claimant's functioning from his alleged onset date of December 5,
> 2015, through his date last insured of March 31, 2018. A such, this
> opinion is not supportive of applying the findings to the claimant's
> functioning from December 5, 2015, through March 31, 2018.
> Accordingly, I find the statements and opinions of Dr. Addagatta are
> not persuasive.

CAR 30.

Plaintiff argues that the ALJ's assessment is inconsistent with his assessment of Dr. Allen's opinions (discussed above) in that, while the ALJ accepted Dr. Allen's 2023 opinion, he did not accept Dr. Addagatta's 2023 opinion because it did not describe Plaintiff's abilities between the alleged onset date is 2015, and the date last insured in 2018.  See ECF No. 13, pgs. 10-12.  The Court finds no inconsistency.  As to Dr. Allen, the ALJ was presented with two opinions – one from 2016 during the relevant time period, and one from 2023 outside the relevant time period.  See CAR 89-112 (Exhibits 4A and 5A).  Both opinions were the same and both were accepted by the ALJ.  In contrast, the ALJ was presented with a single opinion from Dr. Addagatta from outside the relevant time period which was more limiting in terms of Plaintiff's abilities than assessed by Dr. Allen and less consistent with the record as a whole.  Thus, the ALJ properly discounted Dr. Addagatta's 2023 opinion as not describing Plaintiff's abilities during the relevant time period between 2015 and 2018.

1

## IV.  CONCLUSION

2          Based on the foregoing, the undersigned recommends that:

3          1.       Plaintiff's motion for summary judgment, ECF No. 13, be denied.

4          2.       Defendant's cross-motion for summary judgment, ECF No. 15, be granted.

5          3.       The Commissioner's final decision be affirmed.

6          These findings and recommendations are submitted to the United States District

7    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

8    after being served with these findings and recommendations, any party may file written

9    objections with the court.  Responses to objections shall be filed within 14 days after service of

10   objections.  Failure to file objections within the specified time may waive the right to appeal.  See

11   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12

13   Dated:  November 20, 2025

14                                                    _____
                                                      DENNIS M. COTA
15                                                    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28